UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL BRAGG,

    Plaintiff,

v.                                      Case No. 6:23-cv-780-WWB-LHP

FLORIDA STATE ATTORNEY,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff Michael Bragg's Civil Rights Complaint ("**Complaint**," Doc. 1). Plaintiff, a pretrial detainee proceeding *pro se*, seeks to proceed *in forma pauperis*. (Doc. 2). For the following reasons, the Complaint will be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

### I. FACTUAL ALLEGATIONS

Plaintiff sues the Florida State Attorney in his or her official and individual capacities for violation of his constitutional rights. (Doc. 1 at 2–4). Specifically, Plaintiff contends that he is charged for offenses that violate his constitutional rights and is being held without affordable bail. (*Id.* at 5). Plaintiff does not indicate the offenses for which he is charged or the amount of his bail. (*Id.*). Plaintiff requests that the Court dismiss all charges against him, release him, and award him attorney's fees and court costs. (*Id.*).

### II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners to determine whether the suit should proceed:

> (b) Ground for Dismissal - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

In addition, 28 U.S.C. § 1915(e) directs the court to dismiss actions that are frivolous, malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

### III. ANALYSIS

Plaintiff's claims against Defendants are predicated on Defendant's role in his criminal prosecution. Further, Plaintiff is requesting the Court to intervene in his state criminal proceedings.

Initially, the Court notes that a suit against parties in their official capacities is the same as a suit against the municipality. *See Cooper v. Dillon*, 403 F.3d 1208, 1221 n.8 (11th Cir. 2005) (citing *McMillian v. Monroe Cnty.*, 520 U.S. 781, 785 n.2 (1997)). "When suing local officials in their official capacities under § 1983, the plaintiff has the burden to show that a deprivation of constitutional rights occurred as a result of an official government policy or custom." *Id.* at 1221 (footnote omitted) (citing *Little v. City of N. Mia.*,

2

805 F.2d 962, 965 (11th Cir. 1986)). Plaintiff has not alleged any facts demonstrating that the purported constitutional violations resulted from a policy, custom, pattern, or practice. Consequently, from the allegations in the Complaint, Plaintiff has not stated a claim on which relief may be granted against Defendant in his or her official capacity.

Further, prosecutors are "absolutely immune from liability for all actions taken while performing their function as an advocate for the government. This function includes, for example, preparation for the initiation of judicial proceedings and the filing of charging documents." *Perdomo v. OSAH*, 805 F. App'x 1012, 1014 (11th Cir. 2020) (citations omitted). Moreover, absent a showing of special circumstances, such as where necessary to prevent immediate and irreparable injury, federal courts should not stay or enjoin pending state court proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). Because declaratory relief "will result in precisely the same interference with and disruption of state proceedings that the longstanding policy limiting injunctions was designed to avoid" federal courts also should not entertain actions for declaratory relief against pending state criminal actions. *Samuels v. Mackell*, 401 U.S. 66, 72 (1971).

Here, considering Plaintiff's allegations, the Court concludes that Defendant is cloaked with immunity for his or her alleged improper activities associated with Plaintiff's criminal proceeding. In addition, Plaintiff has not demonstrated any special circumstances warranting this Court's intrusion into his pending state court criminal proceedings. *See Hughes v. Eleventh Jud. Cir. of Fla.*, 377 F.3d 1258, 1262–63 (11th Cir. 2004) (recognizing that federal courts should not interfere with pending state criminal proceedings absent one of the following circumstances: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no


adequate alternative state forum where the constitutional issues can be raised); *see also Parris v. Taft*, 630 F. App'x 895, 899 (11th Cir. 2015) (affirming district court's abstention pursuant *Younger* on the plaintiff's Sixth and Fourteenth Amendment claims). Therefore, abstention is appropriate as to any claims for declaratory or injunctive relief regarding Plaintiff's pending state criminal charges. Finally, the Court notes that the Complaint is conclusory and fails to comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 10. Consequently, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted and as frivolous. *See, e.g.*, *Perdomo,* 805 F. App'x at 1014–15 (affirming district court's dismissal of complaints against *inter alia* judges and prosecutors as frivolous); *Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000) (affirming district court's dismissal of claims under Federal Rule of Civil Procedure 12(b)(6) against *inter alia* judges and prosecutors for failure to state a claim); *see also Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (recognizing that leave to amend is not required where amendment would be futile).

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED** for failure to state a claim upon which relief may be granted and as frivolous.

2. The Clerk of Court is directed to terminate Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2), enter judgment, and close the case.

**DONE** and **ORDERED** in Orlando, Florida on May 12, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

5